Opinion issued April
5, 2012.

 



 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01000-CR

____________

 








JOHN EDWARD GREEN, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1170853

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








          Appellant,
John Edward Green, Jr., was charged with the offense of capital murder.  Pursuant to appellant’s agreement with the
State, appellant pleaded guilty to the lesser-included offense of murder and
the State recommended punishment of confinement for 40 years.  The trial court found appellant guilty and, in
accordance with the plea agreement, sentenced appellant to 40 years’
confinement.  Appellant filed a pro se
notice of appeal.  We dismiss the appeal.


In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal must be dismissed if a certification
showing that the defendant has the right of appeal has not been made part of
the record.  Tex. R. App. P.
25.2(d).

The trial court’s certification,
which is included in the record on appeal, states that this is a plea bargain
case and that the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  The record
supports the trial court’s certification. See
Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App.
2005).  Because appellant has no right of
appeal, we must dismiss this appeal.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

          Furthermore,
appellant’s notice of appeal was untimely filed.  Appellant’s sentence was imposed on July 6,
2011.  Appellant did not file a motion
for new trial.  See Tex. R. App. P.
26.2(a)(2). Therefore, a notice of appeal, had it been
authorized by the trial court’s certification, would have been due on or before
August 5, 2011.  See Tex. R. App. P.
26.2(a)(1).  Appellant
filed his notice of appeal on October 27, 2011. 
The court of criminal appeals has expressly held that, without a timely
filed notice of appeal, we cannot exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996); see also Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we dismiss the appeal
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Keyes, Bland, and Sharp.

 

Do not publish. 
Tex. R. App. P.
47.2(b).